IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00323-FL

| | |
|---|---|
| **Ai Thumbnail Maker LLC & Kale Abrahamson**, <br><br> Plaintiffs, <br><br> v. <br><br> **Eric Leopardi**, <br><br> Defendant. | **Order** |

Plaintiffs Ai Thumbnail Maker LLC and Kale Abrahamson ask the court, under Rule 37 of the Federal Rules, to compel Kaitlyn Moneer, a non-party, to appear for a deposition in connection with their judgment enforcement efforts. They claim that Moneer has been difficult to serve and, after they served her, engaged in subterfuge to avoid her deposition. While the court does not approve of Moneer's alleged actions, Rule 37 does not authorize the relief Plaintiffs seek. Thus this court denies the motion to compel.

I.  Background

In September 2023, the court entered a default judgment in Plaintiffs' favor against Defendant Eric Leopardi. D.E. 18. As part of their judgment collection efforts, Plaintiffs sought to depose Kaitlyn Moneer. Pl. Mot. to Compel ¶ 5, D.E. 33. Plaintiffs claim Moneer and Leopardi used to live together in North Carolina. *Id.* ¶ 2. And they also owned and operated Leopardi Equestrian NC, LLC together. *Id.* ¶ 3.

Three months later, Plaintiffs served Moneer with two deposition subpoenas—one required her to sit for a deposition in her individual capacity and the other required her to be

deposed as a corporate representative of Leopardi Equestrian. *Id.* ¶ 5. Both depositions were set to take place in mid-January 2024. *Id.*

Yet in early January, John Kirby, an attorney representing Moneer, contacted Plaintiff's counsel. *Id.* ¶ 6. Kirby shared that Moneer was now a resident of Colorado and having a difficult pregnancy. *Id.* ¶ 6. Given those facts, Moneer did not want to be deposed on the scheduled date. *Id.* Plaintiff's counsel agreed to postpone the depositions with the understanding they would be rescheduled and potentially taken remotely. *Id.* ¶ 7.

Plaintiffs' counsel then made several attempts to contact Kirby. *Id.* ¶ 8. Eventually, Kirby responded and said that he no longer represented Moneer and was not authorized to share her address. *Id.* ¶ 9.

Lacking any means to contact Moneer, Plaintiffs filed this motion. *Id.* ¶ 11.

## II. Discussion

Plaintiffs seeks an order compelling Moneer's attendance at a deposition under Federal Rule of Civil Procedure 37(a). *Id.* ¶ 10. That rule provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The rule focuses on three general types of motions: motions to compel disclosure, motions to compel a discovery response, and motions related to a deposition. Fed. R. Civ. P. 37(a)(3). Yet with respect to depositions, Rule 37 only deals with a party's failure to appear at a deposition. *See* Fed. R. Civ. P. 37(d). The Rule does not appear to provide a mechanism to compel a non-party to appear at a deposition.

And that is because Rule 30, which deals with depositions by oral examination, addresses that issue. It provides that a "deponent's attendance may be compelled by subpoena under Rule

2

Case 5:23-cv-00323-FL   Document 37   Filed 03/05/24   Page 2 of 3

45." Fed. R. Civ. P. 30(a)(1). So any attempt to compel Moneer to sit for a deposition must be done through Rule 45, not Rule 37.

While Plaintiffs point to Rule 37's general language that allows a party to move for an order compelling discovery, Rule 30's more specific language controls the analysis here. *D.B.* v. *Cardall*, 826 F.3d 721, 735 (4th Cir. 2016) ("As a rule of statutory construction, however, the specific terms of a statutory scheme govern the real ones."). The court's research has turned up no cases applying Rule 37 in the manner Plaintiffs suggest, and they have not provided the court with any authority supporting their position. So their motion is denied.

What's more, even if the court were to grant Plaintiffs' motion under Rule 37, they would still need to locate her and serve her with a copy of the order for it to be effective. *See Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (explaining that to be held in civil contempt, "the alleged contemnor" must have "had actual or constructive knowledge" of an order).

### III. Conclusion

For the reason discussed above, the motion to compel (D.E. 33) is denied.

Dated: March 5, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge