IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-cv-00323-FL

**AI Thumbnail Maker LLC & Kale Abrahamson**,

    Plaintiffs,

v.

**Eric Leopardi**,

    Defendant.

**Order**

Plaintiffs AI Thumbnail Maker LLC and Kale Abrahamson ask the court to set out, by order, a process to sell Defendant Eric Leopardi's personal property as part of judgment enforcement proceedings. Those proceedings relate to a $750,000 default judgment the court entered in Plaintiffs' favor in September 2023. D.E. 18.

After the court issued a writ of execution, the United States Marshals Service seized some of Leopardi's property. The seized property included a boat, a storage unit, and eight horses.

Claiming that the United States Marshal and the local sheriff are unwilling to help them sell these items, Plaintiffs now seek an order from the court allowing them to do so. They claim that this process is authorized by 28 U.S.C. § 3203(g).

But that section only applies to judgment enforcement efforts when the United States is the judgment creditor. It is part of Chapter 176 of Title 28 of the United States Code. At the outset of that Chapter, it states that its provisions are "the exclusive civil procedures for the United States . . . to recover a judgment on a debt[.]" 28 U.S.C. 3001(a). Since Plaintiffs are private actors

and not the federal government, they cannot rely on § 3203 to enforce their judgment against Leopardi.

Yet that leaves open the question of what provisions govern judgment enforcement proceedings by private parties. The Federal Rules of Civil Procedure explain that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). And "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* So the process is governed by both state and federal law and relies on writs of execution unless the court provides otherwise.

Although federal law describes the process for issuing a writ of execution, it does not specify how to enforce that writ. Thus that process is governed by North Carolina law. *See, e.g.*, N.C. Gen. Stat. § 1–339.41 *et seq.*

Federal law, however, provides a process for judicial sales of property to satisfy a judgment. 28 U.S.C. § 2001 *et seq.* Judicial sales are distinct from execution sales. *United States v. Branch Coal Corp.*, 390 F.2d 7, 9 (3d Cir. 1968). And they are subject to several procedural requirements, including the need to appoint "three disinterested persons to appraise" property sold in a private sale and a requirement to allow for upset bids. 28 U.S.C. §§ 2001(b), 2004.

At the upcoming hearing the Plaintiffs will need to provide an appropriate statutory basis under state law, federal law, or both for the relief they seek. Failure to do so will result in the denial of their motion.

The court notes that this is the second time that Plaintiffs have come to the court seeking relief under the wrong legal provision. They should ensure that their future requests are well supported, or they may be denied with prejudice.

The court will grant Plaintiffs' request for their attorney to appear in person at the hearing. D.E. 48 Any other party who has properly appeared may appear either in person or by video.

The court also requests that the United States Marshal or his designee appear at the hearing to discuss what has taken place with respect to judgment enforcement here. The Clerk of Court shall serve a copy of this order on the United States Marshal.

Dated: April 23, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge