IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00323-FL

| | |
|---|---|
| **AI Thumbnail Maker LLC & Kale Abrahamson**, | |
| Plaintiffs, | |
| v. | **Order** |
| **Eric Leopardi**, | |
| Defendant. | |

In September 2023, the court entered a $750,000 default judgment for Plaintiffs AI Thumbnail Maker LLC and Kale Abrahamson against Defendant Eric Leopardi. D.E. 18. In February 2024, Plaintiffs served Leopardi with a notice requiring him to appear for a deposition on March 5, 2024. D.E. 40–2, 40–3. The notice also required Leopardi to bring certain documents to the deposition. D.E. 40–2 at 3–5. But Leopardi did not appear at the deposition or produce the requested documents. Nor did he object to the notice or the document requests.

Plaintiffs asked the court to compel Leopardi to comply with the notice and to award them the costs incurred in pursuing that relief. D.E. 40. Leopardi did not respond to Plaintiffs' motion.

In federal court, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The Federal Rules provide that a party "may, by oral questions, depose any person . . . without leave of court" with some exceptions not relevant here. *Id.* 30(a)(1). A party wishing to take a deposition "must give

reasonable written notice to every other party." *Id.* 30(b)(1). A deposition notice to another party "may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." *Id.* 30(b)(2).

The Federal Rules also explain how to deal with a party that disregards a discovery request. To begin with, the Federal Rules allow a court to compel a party who "fails to produce documents . . . as requested under Rule 34" to produce those documents. *Id.* 37(a)(3)(B)(iv). Those rules also allow the court to sanction any party who "fails, after being served with proper notice, to appear for that person's deposition[.]" *Id.* 37(d)(1)(A)(i). While the court generally has discretion about the type of sanction to impose, it "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" *Id.* 37(d)(3). The only exceptions to this mandatory rule arise when "the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The court finds that Plaintiffs properly served Leopardi with the deposition notice and request for production of documents. It also finds that he failed to comply with those discovery requests. These failures were not substantially justified, and no circumstances make awarding expenses against Leopardi unjust. Thus, the motion to compel (D.E. 40) is granted.

The court orders that:

1.    Upon receipt of a deposition notice from Plaintiffs' counsel, Leopardi must appear as directed for his deposition.

2.    Leopardi must produce the documents requested in the original deposition notice within 14 days from the date of entry of this order. The parties may agree, in writing, to extend this deadline.

3.    Leopardi must reimburse Plaintiffs for the following items:

a.  The reasonable expenses, including attorney's fees, Plaintiffs incurred in bringing their motion to compel;

b.  All fees related to the appearance of a court reporter at the original deposition; and

c.  All costs related to the preparation of a transcript from the original deposition.

4.  The Clerk of Court must mail a copy of this order to Leopardi as well as send a copy to him by email.

The court cautions Leopardi that failure to comply with this order may result in the imposition of further sanctions, including the initiation of contempt proceedings.

Dated:  April 30, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge

3